[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff William Rohland contracted with defendant Steven Matcheson d/b/a Steve's Auto Body to restore a 1976 Cadillac el Dorado and agreed to pay him in advance $3500. The defendant advised the plaintiff that before he could do the work that certain mechanical repairs had to be made which the plaintiff had done at a cost of $2171.91. The plaintiff delivered the automobile to the defendant on or about November 16, 1998 and paid him $3500 in advance in accordance with their agreement. After the lapse of seventeen months, with no material progress on the restoration,[1] the plaintiff removed the automobile from the CT Page 4312 defendant's premises, and this litigation was commenced.
The plaintiff seeks a return of the deposit of $3500. He also seeks damages in the amount of $2171.91 for the repairs he had made to his automobile presumably on the basis it added no value to his automobile. The Court finds that the defendant breached his contract with the plaintiff and he is entitled to the return of his deposit in the amount of $3500. With respect to the mechanical repair work that was done on the Cadillac, the plaintiff has failed in his proof that these services did not enhance the value of the automobile.
The defendant in his counterclaim claims that he expended $1520 in labor, $2163.65 for used parts and $571.32 for paint, for a total of $4500.86, and seeks reimbursement presumably on the basis of quantum meruit. The defendant has failed to prove that the parts, paint and labor added any value to the Cadillac, and therefore his counterclaim must fail.[2]
The court, in sum, concludes that the plaintiff is entitled to recover $3500 in damages from the defendant, plus costs. The court also enters judgment in favor of the plaintiff on the defendant's counterclaim.
After determining that the plaintiff was entitled to judgment, the court examined the record to determine whether the plaintiff and/or the defendant made an offer of judgment pursuant to General Statutes §52-192a and 52-193. On September 4, 2001 (dated August 29, 2001), within eighteen months from the date of filing the complaint, the plaintiff filed an offer of judgment in the amount of $3500, which entitles the plaintiff to interest on the judgment in the amount of twelve percent annum on said amount from the date of filing the complaint which was on May 23, 2001. Since the offer of judgment equaled the award of damages, the plaintiff is also entitled to counsel fees in accordance with General Statues § 52-192a (Practice. Book § 17-18) in the amount of $350.
Accordingly, judgment is entered in favor of the plaintiff William Rohland and against the defendant Steven Matcheson, d/b/a Steve's Auto Body in the amount of $3500 plus interest in the amount of $362 plus counsel fees in the amount of $350, in all $4212 plus costs.
Berdon, Judge Trial Referee